IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MILLARD C. BIBEY, III, | : | |
| | : | |
| | : | |
| *Plaintiff*, | : | Case No.: 2:16-cv-05388-MSG |
| | : | |
| v. | : | |
| | : | |
| SIKORSKY AIRCRAFT CORP., | : | |
| and LOCKHEED MARTIN CORP., | : | |
| and JOHN DOES, | : | |
| *Defendants*. | : | |

**DEFENDANTS SIKORSKY AIRCRAFT CORP. AND LOCKHEED MARTIN CORP.'S
<u>MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS</u>
PLAINTIFF'S COMPLAINT**

Defendants Sikorsky Aircraft Corporation and Lockheed Martin Corporation (collectively "Sikorsky") respectfully submit this Memorandum of Law in Support of its Motion to Dismiss Plaintiff Millard C. Bibey, III's ("Plaintiff") Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

**<u>PRELIMINARY STATEMENT</u>**

Plaintiff Millard C. Bibey, III brings this lawsuit against his former employer, Sikorsky, asserting the following claims: Count I - common law wrongful termination; Count II - violation of Federal Aviation Administration ("FAA") whistleblower protection; Count III - violation of the Pennsylvania Whistleblower Law ("PWL"); and Count IV - common law retaliation. The Complaint, in its entirety, should be dismissed for the following reasons:

Count II of Plaintiff's Complaint should be dismissed because this court lacks subject matter jurisdiction to adjudicate an FAA whistleblower claim. Jurisdiction for such a claim rests with the Secretary of Labor. Furthermore, Plaintiff's federal whistleblower claim is untimely

because it was not filed within the requisite 90-day statute of limitations period for bringing such claims.

Count III of Plaintiff's Complaint fails because the PWL's protection is limited to employees of "public bodies." Plaintiff is not an employee of a "public body" as defined under the PWL, and he does not allege otherwise. Nor could he so allege. The current lawsuit involves a dispute between private parties. Plaintiff therefore cannot invoke the protections of the PWL.

Finally, Plaintiff's common law claims for wrongful termination (Count I) and retaliation (Count IV) fail because Plaintiff has not articulated any facts to suggest that he had anything other than an at-will employment relationship with Sikorsky (nor could he), and he cannot articulate a clear, substantial, and applicable public policy of the Commonwealth to justify an exception to the at-will employment relationship. Plaintiff's common law retaliation claim also fails because no such cause of action exists in Pennsylvania. Moreover, both claims are preempted by the PWL.

## RELEVANT FACTUAL BACKGROUND[1]

Plaintiff alleges that he is a former employee of Sikorsky who was first hired as a temporary worker on or about September 24, 2012, and then "became a direct hire" of Sikorsky on April 2, 2013. (Compl. ¶¶ 6, 10). Plaintiff asserts that Sikorsky operated under FAA regulations. (Compl. ¶ 17). He claims that Sikorsky terminated his employment on May 6, 2016, allegedly for making internal reports about violation of FAA regulations regarding the hiring of minimally qualified individuals and/or recordkeeping. (Compl. ¶¶ 16-32, 51). However, Plaintiff also notes that Sikorsky terminated his employment after inquiring about his

---

[1] Sikorksy denies the Complaint's allegations of wrongdoing. For purposes of this motion, however, Sikorksy accepts as true all factual allegations in the Complaint. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

2

alleged violation of company policy regarding inappropriate (pornographic) intranet usage and unidentified photos. (Compl. ¶¶ 35-51).

Plaintiff's Complaint lacks any factual allegations that he had an employment contract with Sikorsky at the time of his termination, or anything other than an at-will employment relationship. The Complaint also contains no allegations that Plaintiff was forced by Sikorsky to perform illegal acts or prevented from performing statutorily imposed duties. Further, the Complaint lacks any allegation that Plaintiff filed a complaint with the Secretary of Labor or the timing of such complaint.

Finally, Plaintiff's Complaint contains no allegation that Sikorsky received funding by or through the Commonwealth of Pennsylvania.

## ARGUMENT

**A.     Standard of Review**

Rule 12(b)(6) motions to dismiss are governed by a "plausibility standard," which is guided by "[t]wo working principles." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). First, although the Court accepts all factual allegations as true, and draws all reasonable inferences in the plaintiff's favor, this "tenet" is "inapplicable to legal conclusions." "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Second, only complaints that state a "plausible claim for relief" can survive a motion to dismiss. *Id*. at 679. "In other words, a complaint must do more than allege the plaintiff's entitlement to relief. [A] complaint has to 'show' such an entitlement with its facts." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009).

A motion to dismiss under Rule 12(b)(1) must be granted if the court lacks subject matter jurisdiction to hear a claim. *In re Schering Plough Corp.*, 678 F.3d 235, 243 (3d Cir. 2012). The

"person asserting jurisdiction bears the burden of showing that the case is properly before the court at all stages of the litigation." *Fed. Realty Inv. Tr. v. Juniper Props. Grp.*, No. 99-3389, 2000 WL 45996, at *3 (E.D. Pa. Jan. 21, 2000) (citing *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993). When evaluating a Rule 12(b)(1) motion, the court must determine whether there is a facial attack or a factual attack of subject matter jurisdiction. *Schering Plough*, 678 F. 3d at 243. A facial attack challenges the sufficiency of the pleadings, while a factual attack is one where the plaintiff's claims do not support the asserted jurisdiction. *Id*. at 243; *CNA v. United States*, 535 F.3d 132, 139 (3d Cir. 2008).

### B. Count II should be dismissed because the District Court Lacks Subject Matter Jurisdiction to Hear Plaintiff's Untimely Federal Whistleblower Claim.

Count II alleges that Sikorsky failed to comply with FAA regulations and terminated Plaintiff's employment after he notified Sikorsky about alleged FAA violations. (Compl. ¶ 60). Count II is both untimely and in the incorrect forum because district courts lack subject matter jurisdiction to consider FAA whistleblower claims. Under Section 519 of the Wendell H. Ford Aviation Investment and Reform Act for the 21st Century Act ("AIR-21"), codified at 49 U.S.C. § 42121, whistleblower complaints based upon alleged FAA violations must be brought before the Secretary of Labor within 90 days of the alleged violation. While Plaintiff has not specifically alleged an AIR-21 claim, there is no general federal whistleblower common law cause of action for FAA retaliation. Rather, Congress has established a clear method for bringing such causes of action, and an exclusive scheme of judicial review of the decisions made by the Secretary of Labor. *Williams v. Perez*, 110 F. Supp. 3d 1, 4 (D.D.C. 2015), aff'd, No. 15-5228, 2016 WL 520265 (D.C. Cir. Feb. 1, 2016).

AIR-21 makes it unlawful for an air carrier or a contractor or subcontractor of an air carrier to discriminate against an employee because he/she provided or is about to provide

information to an employer or the U.S. Government relating to a violation of the FAA laws and regulations, or any other law relating to the safety of air carriers.  49 U.S.C. § 42121(a)(1); *see also* Procedures for the Handling of Discrimination Complaints under Section 519 of the Wendell H. Ford Aviation Investment and Reform Act for the 21st Century, 68 Fed Reg. 14,100 (Mar. 21, 2003) (codified at 29 C.F.R. Pt. 1979).  Such whistleblower claims must be filed with the Secretary of Labor no later than 90 days after the date on which the violation occurred.  49 U.S.C. § 42121(b)(1).  As the Ninth Circuit stated, "[i]n short, the plain language of . . .[49 U.S.C. § 42121] . . . and its statutory scheme counsel against implying a right of action in federal district court."  *Williams v. United Airlines, Inc.*, 500 F.3d 1019, 1024 (9th Cir. 2007) (affirming the lower court's decision to dismiss for lack of subject matter jurisdiction); *see also Turgeau v. Admin. Review Bd.*, 446 F.3d 1052, 1059 (10th Cir. 2006) ("the state court, and in fact the federal district court, could not have adjudicated petitioner's AIR21 claim because the statute requires that the claim be filed initially with the Department of Labor.").

In short, Plaintiff does not claim that he filed a complaint with the Secretary of Labor, or that he filed such a complaint within 90 days of his May 6, 2016 termination.  (Compl. ¶ 51).  In fact, even the Complaint filed in this Court exceeded the 90-day statute of limitations deadline by more than 60 days.  Accordingly, this Court lacks jurisdiction over Plaintiff's alleged FAA whistleblower claim, and Count II of Plaintiff's Complaint should be dismissed.

C. **Plaintiff's Pennsylvania Whistleblower Law claim (Count III) fails because Plaintiff does not allege and cannot allege that Defendant is a "public body."**

The PWL, 43 P.S. § 1423(a), makes it unlawful for a *public employer* to "discharge, threaten, or otherwise discriminate or retaliate against an employee . . . because the employee or a person acting on behalf of the employee makes a good faith report . . . to the employer or appropriate authority in instance of wrongdoing or waste."  To seek protection under the PWL,

5

Plaintiff must be an employee of a "public body." *Riggio v. Burns,* 711 A.2d 497, 499 (Pa. Super. Ct. 1998). A private employer is not citable under the PWL. *Krajsa v. Keypunch*, Inc., 424 Pa. Super. 230, 622 A.2d 355 (Pa. Super. Ct. 1993). Under the PWL, a "public body" is defined as one that is "funded in any amount by or through [the] Commonwealth" to assist in pursing public goals. *See* 43 Pa. Stat. Ann. § 1422; *Tanay v. Encore Healthcare, LLC*, 810 F. Supp. 2d 734, 742-44 (E.D. Pa. 2011).

While Count III loosely references that the PWL extends to "private companies that received public money," (Compl. ¶ 64), Plaintiff has not actually alleged any facts to suggest that Sikorsky receives funding from or through the Commonwealth. On the contrary, Plaintiff's Complaint reflects that Sikorsky is a private "corporation" "engaged in aircraft manufacturing." (Compl. ¶ 2). The Court should therefore dismiss Count III.

**D.     Plaintiff's common law wrongful termination and retaliation claims (Counts I and IV) fail because Plaintiff has not identified and cannot identify an applicable public policy exception to his employment at-will status, common law retaliation is not a viable cause of action in Pennsylvania, and both Counts I and IV are preempted by the PWL.**

**1.     Count I fails because Plaintiff was an at-will employee and no public policy exception applies to his at-will employment status.**

While Count I alleges that Sikorsky "breached their contract" "without just cause," Plaintiff does not provide any factual allegations that would indicate the existence of an employment contract between him and Sikorsky, nor can he. (Compl. ¶ 54). The presumption that non-contractual employment relations are at-will is "an extremely strong one." *McLaughlin v. Gastrointestinal Specialists, Inc.*, 750 A. 2d 283, 287 (Pa. 2000). In Pennsylvania, there is no common law cause of action against an employer for termination of an at-will employment relationship. *Id*. An employer retains the right to terminate an employee for any reason, or no reason at all. *Id*. at 286. Plaintiff states he became a "direct hire" of Sikorsky. (Compl. ¶ 6). As

6

such, he was an at-will employee subject to termination at any time and for any reason, and the Complaint lacks allegations to suggest otherwise.

Exceptions to the presumption of at-will employment relationships are recognized in very limited circumstances where "discharges … threaten clear mandates of public policy," however none exist here. *McLaughlin*, 750 A. 2d at 287. "The power of the courts to declare pronouncements of public policy is sharply restricted." *Weaver v. Harpster*, 975 A. 2d 555, 563 (Pa. 2009). Three narrow exceptions may be applied: (1) requiring an employee to commit a crime; (2) preventing an employee from complying with a statutory duty; or (3) discharging an employee when a statute specifically prohibits it. *Denton v. Silver Stream Nursing & Rehab. Ctr.*, 739 A.2d 571, 577 (Pa. Super. Ct. 1999). Here, Plaintiff failed to assert any public policy exception in his Complaint that would apply to his wrongful termination cause of action. The mere reference that an individual's termination could violate a federal law is insufficient to establish that the individual's termination violated *Pennsylvania* public policy. *McLaughlin*, 750 A. 2d at 288-9. Plaintiff did not allege that any public policy of the Commonwealth was undermined because of his termination. The Complaint simply does not identify any public policy concern raised as a result of Plaintiff's termination.

Furthermore, Pennsylvania does not recognize a wrongful discharge claim when an at-will employee's discharge is based on a disagreement with management about the legality of a proposed action unless that action *actually* violates the law. *Clark v. Modern Group Ltd.*, 9 F.3d 321, 328 (3d Cir. 1993); *see also Geary v. U.S. Steel Corp.*, 456 Pa. 171, 319 A. 2d 174 (Pa. 1974) (Pennsylvania Supreme Court upheld the discharge of an employee who voiced concerns about inadequate testing of products that led to the product's withdrawal from the market). Only very few cases, those involving constitutional rights or violations of laws designed to protect the

public from serious harm, have succeeded in sustaining an at-will employee's wrongful discharge claims. *Clark*, 9 F.3d 321 at 330. That does not exist here.

### 2. Count IV fails because Plaintiff's retaliation claim is duplicative and because common law retaliation is not a recognized cause of action in Pennsylvania.

Plaintiff's retaliation claim (Count IV) is duplicative of his other claims or otherwise fails to state a cognizable cause of action under Pennsylvania law. Indeed, Count IV is substantially similar to and duplicative of Plaintiff's other claims asserting retaliation for reporting alleged violations of the FAA standards. (Compl. ¶¶ 53 - 69). Therefore, it should be dismissed for the same reasons identified *supra*.

Also, to the extent that Count IV attempts to allege a common law retaliation claim, "retaliation does not exist as a separate cause of action in Pennsylvania." *Westawski v. Merck & Co.*, No. 14-3239, 2015 U.S. Dist. LEXIS 13363, at *22 (E.D. Pa. Feb. 3, 2015) (this court refused to create a separate cause of action for retaliation where Pennsylvania courts had not done so). Thus, Count IV should be dismissed.

### 3. Both Counts I and IV fail if Count III is allowed to proceed.

Finally, if the Court finds that Plaintiff has a viable claim under the PWL, as alleged in Count III, then Plaintiff's common law wrongful termination and retaliation claims (Counts I and IV, respectively) will be preempted by the PWL and must be dismissed. Indeed, "[c]ommon law claims for wrongful termination are pre-empted when a statutory remedy exists." *Parikh v. UPS*, 491 F. App'x. 303, 307 (3d Cir. 2012) (plaintiff's common law wrongful discharge claim was dismissed because plaintiff had a statutory remedy under the PWL). The existence of a statutory claim, and not the success of one, determines preemption. *Palazzolo v. Damsker*, 2011 U.S. Dist. Lexis 71443, at *18 (D. Pa. 2011).

## **CONCLUSION**

For the foregoing reasons, Sikorsky respectfully petitions this Court for an order dismissing Plaintiff's Complaint in its entirety and with prejudice, together with such further relief as this Court deems just and appropriate.

Dated: December 21, 2016

Respectfully submitted,

SEYFARTH SHAW LLP

By: /s/ Jacob Oslick
Jacob Oslick  (Pa. Bar No. 311028)
620 Eighth Avenue
New York, New York 10018-1405
Telephone:  (212) 218-5500
Fax:  (212) 218-5526
joslick@seyfarth.com

James L. Curtis
131 South Dearborn Street, Suite 2400
Chicago, IL 60603
jcurtis@seyfarth.com

Anthony S. Califano
Seaport East
2 Seaport Lane, Suite 300
Boston, MA 02210
acalifano@seyfarth.com

*Attorneys for Defendants Sikorsky Aircraft Corp. and Lockheed Martin Corp.*